Thomas F. Gallagher (Cal. State Bar No. 246856)
E-mail: gbklaw@gmail.com
Troy B. Krich (Cal. State Bar No. 262566)
E-mail: troykrich@gmail.com
**GALLAGHER | KRICH, APC**
964 Fifth Avenue, Suite 202
San Diego, California  92101
Telephone: (858) 926-5797
Fax: (858) 435-4369

Attorneys for Plaintiff ZORA ANALYTICS, LLC, a California Limited Liability Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZORA ANALYTICS, LLC, a California Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>SRIKANTH SAKHAMURI, an individual, CIGNITI, INC., a Texas Corporation and DOES 1-10, inclusive<br><br>Defendants. | Case No.: **3:13-CV-00639-JM-WMC**<br><br>Assigned to:  Hon. Jeffrey T. Miller<br>Magistrate Judge: Hon. William McCurine, Jr.<br><br>**PLAINTIFF, ZORA ANALYTICS, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT, SRIKANTH SAKHAMURI'S MOTION TO DISMISS SECOND AMENDED COMPLAINT [F.R.C.P. 12(B)(6)]**<br><br>Date:  September 9, 2013<br>Time:  10:30 a.m.<br>Dept:   Courtroom 5D<br>Judge:  Hon. Jeffrey T. Miller |

i

3:13-CV-00639-JM-WMC;  PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKHAMURI'S  MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………………………………ii

TABLE OF AUTHORITIES……...…………………………………………………………..ii

I. INTRODUCTION……...………………………………………………………........1

II. STATEMENT OF FACTS……………….…………………...………............2

III. ARGUMENT…………….………………………………………………………...3

    A.  LEGAL STANDARD…………………………………………….............3

    B. PLAINTIFF STATES ITS CLAIMS WITH REQUISITE PARTICULARITY………………………………………………………….4

    C.  PLAINTIFF CONCEDES THERE IS NO BREACH OF CONTRACT CLAIM AGAINST DEFENDANT SAKHAMURI…………………………..6

    D.   ZORA HAS PLEAD A PRIMA FACIE CASE FOR VIOLATIONS OF THE LANHAM ACT……………………………………………………...6

    E.  PLAINTIFF STATES A PRIMA FACIE CASE FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE…….8

    F.  PLAINTIFF SETS FORTH A PRIMA FACIE CASE FOR VIOLATIONS OF THE UNFAIR BUSINESS PRACTICES ACT…………………………..8

IV. CONCLUSION……..…………………………………………………………...10

ii

3:13-CV-00639-JM-WMC;  PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKHAMURI'S  MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]

# TABLE OF AUTHORITIES

**United States Statutes**

Fed. R. Civ. P. 12(b)(6)……………………………………………………..................1,3

26 U.S.C. § 414(n)(2)……………………………………………………………….5

15 U.S.C. 1125(a)………………………………………………………………..6, 9

**United States Supreme Court Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007)………………………………………………………………………..3, 10

*Two Pesos v. Taco Cabana, Inc.,* (1992) 505 U.S. 763, 779……………………….7

**United States Court of Appeals Cases**

*Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001)……………………..…….4

*Nadel v. Play-by-Play Toys & Novelties, Inc.,* 208 F.3d 368, 378 (2d Cir. 2000)……..6

**United States District Court Cases**

*McDowell v. N. Shore-Long Island Jewish Health Sys., Inc.*, 839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012)……………………………………………………………...4

**California Codes**

Cal. Civ. Code § Bus & P Code §17200……………………………………..….8

**California Supreme Court Cases**

*Cel-Tech Communications, Inc. v Los Angeles Cellular Tel. Co.*, (1999) 20 Cal. 4th 163, 181, 83 Cal. Rptr. 2d 548…………………………………………..…………………9,10

*Farmers Ins. Exch. v Superior Court* (1992) 2 Cal. 4th 377, 6 Cal. Rptr. 2d 487……..9

*Committee on Children's Television, Inc. v General Foods Corp.* (1983) 35 Cal. 3d 197, 197 Cal. Rptr. 783………………………………………………………….…9

*Kasky v Nike, Inc.* (2002) 27 Cal. 4th 939, 949, 119 Cal. Rptr. 2d 296…………..….9

iii

3:13-CV-00639-JM-WMC; PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKHAMURI'S MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]

**California Court of Appeal Cases**

*Katz v Kapper (1935)* 7 Cal. App. 2d 1, 44 P 2d 1060............................................9

*Balboa Ins. Co. v Trans Global Equities* (1990) 218 Cal. App. 3d 1327, 267 CR 787................................................................................................................9

3:13-CV-00639-JM-WMC;  PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKHAMURI'S  MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]

# I. Introduction

PLAINTIFF, ZORA ANALYTICS, LLC, a California Limited Liability Company (hereafter "ZORA") hereby opposes defendant SRIKANTH SAKHAMURI'S ("SAKHAMURI") motion to dismiss all causes of action against SAKHAMURI under F.R.C.P. 12(b)6.

On 11/26/12 ZORA filed a complaint in San Diego Superior Court against defendant SRIKANTH SAKHAMURI "SAKHAMURI" (Case No. 37-2012-00086177-CU-BT-CTL). SAKHAMURI filed a general denial on 3/18/13 and removed the action to United States District Court, Southern District of California on 3/19/13.

On 4/4/13 ZORA filed a First Amended Complaint ("FAC") adding CIGNITI as a defendant. On 5/1/13, CIGNITI filed a motion to dismiss all causes of action against CIGNITI under F.R.C.P. 12(b)(6) on the grounds of ZORA's purported failure to state a claim as to all claims. ZORA was granted leave to amend after defendant ZORA'S 12(B)(6) motion to dismiss the FAC was granted.

ZORA filed a Second Amended Complaint (SAC) on July 12, 2013. Defendants filed a 12(b)(6) motion to dismiss the SAC on August 2, 2013. Plaintiff ZORA hereby opposes SAKHAMURI'S motion on the grounds that it has pleaded its claims with sufficient specificity to state recognizable claims, or, in the alternative, that any purported deficiencies may be cured through amendment.

1

3:13-CV-00639-JM-WMC;  PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKAHMURI'S  MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]

## II.  STATEMENT OF FACTS

Plaintiff ZORA provides SAP[1] consulting to various state and local governments. ZORA bids on government contracts in order to "win" various SAP projects. ZORA, as do many IT firms, hires project managers, and software contractors in order to fulfill service needs to its clients. CIGNITI provides these "worker bees" under subcontract with an HR provider, Anansys Software, Inc., who fulfill ZORA'S hiring needs.

In or around April 2009, ZORA entered into a contract with the State of Oregon Business Development Department to provide data warehouse implantation (FAC ¶ 11). The contracts were renewable through bidding and the clients evaluation of work product, therefore, the contract and compensation were amended several times. (FAC ¶11).

In or around April 2009, CIGNITI entered into a software consulting agreement with Anansys to which ZORA was a third party beneficiary (FAC ¶ 8, 9). Per the contract CIGNITI was to provide a "leased employee" ("SAKHAMURI") who was to provide data warehousing services which involved extracting data from outside sources, transforming it to fit operational needs and loading it into the end target for the client, or, for simplification—IT services. (SAC, Ex. 1).

SAKHAMURI thereafter disappeared from ZORA's project mid-assignment in May 2011 without notice. (SAC, ¶13). ZORA later found out that SAKHAMURI had misrepresented himself as ZORA to OBDD in an attempt to usurp the OBDD project

---

[1] SAP is a software as service platform that allows project managers to allocate resources, budget and plan business operations for clients in a variety of industries.

2

3:13-CV-00639-JM-WMC;  PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKAHMURI'S  MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]

from ZORA.

ZORA alleges that SAKHMURI was sponsored by CIGNITI on an H-1B non-immigrant visa, a fact which CIGNITI glosses over. (SAC, ¶ 8). ZORA alleges an employer-employee agency relationship between SAKHAMURI and CIGNITI, wherein SAKHAMURI was the agent and employee of CIGNITI, acting under the defendants' direction and in furtherance of a conspiracy to misappropriate ZORA's trade secrets and to lure lucrative government contracts away from ZORA. (SAC ¶ 19).

### III. LEGAL ARGUMENT

A. LEGAL STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to ZORA, a court finds that ZORA has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). A complaint will survive a motion under Fed. R. Civ. P. 12(b)(6) if it states plausible grounds for ZORA's entitlement to the relief sought, id. at 1965-66, i.e., it need merely contain sufficient factual allegations to raise a right to relief above the speculative level, id. at 1965.

Rule 12(b)(6) motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937,

3

**3:13-CV-00639-JM-WMC; PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEEDANT SAKAHMURI'S MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]**

1949-50 (2009)).

The issue before the Court upon consideration of such a motion is not whether ZORA "will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *McDowell v. N. Shore-Long Island Jewish Health Sys., Inc.*, 839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012) (citing to *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir.2001). As set forth in detail below, ZORA has met this standard of review, well within the meaning of the foregoing case law, thus warranting denial of defendant's motion in its entirety, and allowing ZORA to proceed through the discovery process to uncover the true nature of its claims.

## B. PLAINTIFF STATES ITS CLAIMS WITH REQUISITE PARTICULARITY.

SAK complains that ZORA has alleged factual inconsistencies in regards to all causes of action because they characterized SAK as an "independent contractor" in their FAC and that he was a "leased employee" in the SAC (SAK MPA, 3:16-18) relying upon *Reddy v. Litton Indus. Inc.*, 912 F. 2d 291, 296-297 (9th Cir. 1990). However, it is immaterial to the claims against SAKHAMURI whether he was a leased employee or independent contractor. Further, the terminology is semantic in nature. ZORA does allege that SAK was a "contractor employee" *i.e.* a leased worker from a labor leasing firm. (SAC ¶ 11, Ex. 1).

Section 414(n)(2) of the Code defines leased employee as any person furnishing services to a recipient if the following conditions are met: (A) such services are provided pursuant to an agreement between the recipient and any other person (in this

4

subsection referred to as the "leasing organization"), (B) such person has performed such services for the recipient (or for the recipient and related persons) on a substantially full-time basis for a period of at least 1 year, and (C) such services are performed under primary direction or control by the recipient.   26 U.S.C. § 414(n)(2).

SAKHAMURI attempts to misconstrue evidence by arguing that SAKHAMURI who is listed as the "key person assigned to Project" in Exhibit 10 on the "BOXI" project (SAK MPA 11:3-18). First, this raises questions of fact, inappropriate for this motion, secondly, Exhibit 10 demonstrates that the agency representative is the same Jared Cornman and that SAKHAMURI is now the key person.  As is common in the IT field, the State of Oregon uses Covendis, Inc. to administer contract awards, which can be easily substantiated in discovery.  ZORA cannot allege e-mails, correspondence or agreements between SAK and the State of Oregon because only SAK has access to those documents.  ZORA does intend to subpoena such information during the discovery phase.  These arguments are all inappropriate however, because this is not a motion for summary judgment. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007).  According to *Erickson*, the Tenth Circuit's opinion departed from the liberal pleading standards set forth by Rule 8(a)(2)."   *Erickson v. Pardus*, 198 Fed. Appx. 694, 701 (10 Cir. 2006).

3:13-CV-00639-JM-WMC;  PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKAHMURI'S  MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]

### C.  PLAINTIFF CONCEDES THERE IS NO BREACH OF CONTRACT CLAIM AGAINST DEFENDANT SAKHAMURI

Plaintiff agrees and concedes that it cannot sustain a breach of contract claim against SAKHAMURI.

### D.  ZORA HAS PLEAD A PRIMA FACIE CASE FOR VIOLATIONS OF THE LANHAM ACT

ZORA alleges that SAKHAMURI made false representations to the OBDD regarding his professional affiliation with ZORA. (SAC ¶ 40).  SAKHAMURI intercepted a business opportunity intended for ZORA. (SAC ¶ 41).

To maintain a cause of action for federal unfair competition, which falls within section 43(a) of the Lanham Act, a plaintiff must show that misleading or untruthful statements have been made for the purpose of commercial advertising or promotion, and that the defendant caused confusion via the use of "any word, term, name, symbol, or device, or . . . any false designation of origin, false or misleading description of fact, or false or misleading representation of fact." 15 U.S.C. § 1125(a)(1).

Misappropriation has traditionally consisted of three basic elements: (1) investment of a significant amount of time, money, skill, or effort to create a product of commercial value; (2) appropriation of that value by another; and (3) injury by the plaintiff as a result. See *Nadel v. Play-by-Play Toys & Novelties, Inc.,* 208 F.3d 368, 378 (2d Cir. 2000).  Here ZORA invested significant intellectual property and business development into its SAP models. (SAC ¶ 14, 20)  These models were of value to governmental entities.  SAKHAMURI then "rode the coat tails" of his employer's

6

3:13-CV-00639-JM-WMC;  PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKAHMURI'S  MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]

goodwill and professional services, misrepresented himself as ZORA thus enabling him to divert and secure for himself and corporate sponsor(s) the economic value of those government contracts.  (SAC ¶ 24, 41).  ZORA alleges that SAKHAMURI stood in the shoes of ZORA posing as an authorized representative of the company, and diverting away the business opportunity for his own benefit and that ZORA was harmed by this misappropriation (SAC ¶¶24, 41, 42).  Taken as true, ZORA has alleged a prima facie case for violations of the Lanham Act by defendants.

Here ZORA alleges two theories:  (1) that SAKHAMURI and other co-conspirator(s) and/or employer(s) misappropriated ZORA'S intellectual property; and (2) that SAKHAMURI as agent of CIGNITI and/or other co-conspirator(s) and/or employer(s) was guilty of "passing off" SAKHAMURI'S professional services (computer consulting) as one in the same as ZORA's.   Passing off occurs when one makes a false representation or designation as to the origin of his goods or services, causing consumers confusion as to the source or affiliation of the goods or services. 15 U.S.C. § 1125(a)(1). Simply put, A is liable for passing off when he evokes the impression that his goods are the same as "B's." *Two Pesos v. Taco Cabana, Inc.,* (1992) 505 U.S. 763, 779.  Under either theory, accepting the facts alleged as true for pleading purposes, both SAKHAMURI and CIGNITI would ultimately be found liable under its second claim for violation of the Lanham Act.

3:13-CV-00639-JM-WMC; PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKAHMURI'S  MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]

### E. PLAINTIFF STATES A PRIMA FACIE CASE FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

The tort of intentional interference with prospective economic advantage imposes liability on third persons who improperly disrupt or divert a business opportunity or business relationship of another, in a way that is outside the boundaries of fair competition. The elements of a cause of action for intentional interference with prospective economic advantage are "(1) the existence of a prospective business relationship containing the probability of future economic rewards for plaintiff; (2) knowledge by defendant of the existence of the relationship; (3) intentional acts by defendant designed to disrupt the relationship; (4) actual causation; and, (5) damages to plaintiff proximately caused by defendant's conduct." *PMC, Inc. v Saban Entertainment, Inc.,* 45 Cal. App. 4th at 595.

As set forth in the facts above and in the SAC, SAKHAMURI intentionally misrepresented himself to OBDD to usurp a lucrative government contract from ZORA, causing damages to ZORA for at least the cost of the contract with OBDD, and subject to proof upon further discovery. (SAC § 18, 19, 21, 24).

### F. PLAINTIFF SETS FORTH A PRIMA FACIE CASE FOR VIOLATIONS OF THE UNFAIR BUSINESS PRACTICES ACT

Business and Professions Code §§17200-17210. The UCL prohibits unlawful, unfair, or fraudulent business acts or practices. Bus & P C §17200. It is designed to protect both competitors and consumers, and it is couched in intentionally sweeping language "to enable judicial tribunals to deal with the innumerable 'new schemes which

8

3:13-CV-00639-JM-WMC;  PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKAHMURI'S  MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]

the fertility of man's invention would contrive.'" *Cel-Tech Communications, Inc. v Los Angeles Cellular Tel. Co.*, (1999) 20 Cal. 4th 163, 181, 83 Cal. Rptr. 2d 548.

Under California law there is no distinct common-law tort or cause of action for "unfair competition." *Katz v Kapper* (1935) 7 Cal. App. 2d 1, 44 P 2d 1060. Rather, a plaintiff who has been injured must find some specific federal or state common-law theory or statute on which to proceed. See *Balboa Ins. Co. v Trans Global Equities* (1990) 218 Cal. App. 3d 1327, 267 CR 787; *Self Directed Placement Corp. v Control Data Corp.* (9th Cir 1990) 908 F2d 462. Here plaintiff has alleged violations of the Lanham Act § 43(a) [15 U.S.C. § 1125(a)] which prohibits "any false designation of origin, false or misleading description of fact" intended to cause confusion or deception [15 U.S.C. § 1125(a)]. (SAC ¶ 39-43).

The California Supreme Court has repeatedly held that unlawful business activities proscribed under the statute include anything that can properly be called a business practice and at the same time is forbidden by law. See *Cel-Tech Communications, Inc. v Los Angeles Cellular Tel. Co.* (1999) 20 Cal. 4th 163, 83 CR2d 548; *Farmers Ins. Exch. v Superior Court* (1992) 2 Cal. 4th 377, 6 Cal. Rptr. 2d 487; *Committee on Children's Television, Inc. v General Foods Corp.* (1983) 35 Cal. 3d 197, 197 Cal. Rptr. 783. The purpose of the UCL "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v Nike, Inc.* (2002) 27 Cal. 4th 939, 949, 119 Cal. Rptr. 2d 296. Because Bus & P C §17200 is written in the disjunctive, it establishes three types of unfair competition: acts and practices that are (1) unlawful, (2) unfair, or (3) fraudulent.

9

3:13-CV-00639-JM-WMC;  PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKAHMURI'S  MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]

In other words, a practice is prohibited as unfair or deceptive even if not unlawful, and vice versa. *Cel-Tech Communications, Inc.*, 20 C4th at 180.

Because plaintiff has stated a prima facie case for violations of the Lanham Act, it has also made a prima facie case for a UCL violation.  The acts complained of occurred while SAK was working at ZORA in California.  Therefore, according to its factual allegations, UCL should apply.  "All of the activity complained of herein occurred predominantly in California" (SAC ¶8).

ZORA alleges that the unfair competition was committed by both SAK and CIGNITI and that SAK "falsely represented to the OBDD that he was an authorized agent of ZORA" for the purpose of misappropriating ZORA's business opportunity— (SAC ¶ 24)

## IV. CONCLUSION

SAKHAMURI'S motion to dismiss ZORA's Second Amended Complaint (SAC) under F.R.C.P. 12(B)(6) should be denied for the reasons set forth herein.  ZORA has offered adequate facts and evidence to support their allegations above the speculative level set forth in *Bell Atlantic Corp. v. Twombly.*

3:13-CV-00639-JM-WMC;  PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKAHMURI'S  MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]

Date:  August 26, 2013          **GALLAGHER, KRICH, APC**

          **s/Thomas F. Gallagher**_____
          Thomas F. Gallagher, Esq.
          E-mail: gbklaw@gmail.com
          Troy B. Krich, Esq.
          E-mail:  troykrich@gmail.com
          Attorneys for Plaintiff ZORA ANALYTICS, LLC, a California Limited Liability Company

**3:13-CV-00639-JM-WMC;  PLAINTIFF ZORA ANALYTICS, LLC'S MPA IN OPPOSITION TO DEFEENDANT SAKAHMURI'S  MOTION TO DISMISS SECOND AMENDED COMPLAINT UNDER [F.R.C.P. § 12(b)6]**