1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10  ZORA ANALYTICS, LLC, a              CASE NO. 13-cv-00639 JM (WMC)
    California Limited Liability Company,
11                                      ORDER: (1) GRANTING
                          Plaintiff,    DEFENDANT SAKHAMURI'S EX
12                                      PARTE MOTION TO VACATE
                                        PLAINTIFF'S NOTICE OF
13                                      VOLUNTARY DISMISSAL
                                        PURSUANT TO RULE 41(a)(1)(A)(i);
14
15      v.                              (2)VACATING PLAINTIFF'S
                                        NOTICE OF VOLUNTARY
16                                      DISMISSAL;

17                                      (3) GRANTING DEFENDANT
                                        SAKHAMURI'S UNOPPOSED
18                                      MOTION TO DISMISS WITH
                                        PREJUDICE;
19
20                                      (4) DENYING PLAINTIFF'S
                                        VOLUNTARY MOTION TO
21  SRIKANTH SAKHAMURI, an              DISMISS PURSUANT TO RULE
    individual; CIGNITI, INC., a Texas  41(a)(2);
    corporation; and DOES 1 through 10
22  inclusive;                          (5) DENYING DEFENDANT
                                        SAKHAMURI'S REQUEST FOR
23                        Defendants.   ATTORNEYS' FEES; AND

24                                      (6) GRANTING DEFENDANT
                                        SAKHAMURI'S REQUEST FOR
25                                      COSTS UNDER RULE 54(d)(1)

26          On November 11, 2013, Plaintiff Zora Analytics, LLC ("Zora Analytics")

27  filed a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure

28  ("Rule") 41(a)(1)(A)(i).  Dkt. No. 37.  On November 26, 2013, Defendant Srikanth

Sakhamuri ("Sakhamuri") filed an *ex parte* motion to vacate Zora's notice of voluntary dismissal. Dkt. No. 38. In response, Zora filed an opposition to Sakhamuri's *ex parte* motion, as well as a motion for voluntary dismissal pursuant to 41(a)(2). Dkt. Nos. 40 and 41, respectively. Sakhamuri then filed an opposition to Zora's motion and a reply to its own *ex parte* motion. Dkt. Nos. 42 and 43, respectively. Zora did not file a reply to Sakhamuri's opposition. For the reasons set forth below, (1) Defendant Sakhamuri's *ex parte* motion to vacate Plaintiff Zora's notice of voluntary dismissal, Dkt. No. 38, is GRANTED; (2) Plaintiff Zora's notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), Dkt. No. 37, is VACATED; (3) Defendant Sakhamuri's unopposed motion to dismiss the third amended complaint, Dkt. No. 35, is GRANTED WITH PREJUDICE; (4) Plaintiff Zora's motion for voluntary dismissal pursuant to Rule 41(a)(2), Dkt. No. 41, is DENIED AS MOOT; (5) Defendant Sakhamuri's request for attorneys' fees is DENIED; and (6) Defendant Sakhamuri's request for costs is GRANTED in an amount to be taxed by the Clerk of Court.

## BACKGROUND

On November 26, 2012, Zora filed a complaint against Sakhamuri in state court. On March 18, 2013, Sakhamuri filed an answer to Zora's complaint in state court and also removed the matter to this court based upon federal diversity jurisdiction. Zora filed an amended complaint in federal court on April 4, 2013, asserting allegations against Sakhamuri and an additional defendant, Cigniti, Inc. ("Cigniti") (and together with Sakhamuri, "Defendants"). Zora asserted four causes of action against Defendants: permanent injunction; violations of CUTSA; breach of written contract; and violations of the Lanham Act, 115 U.S.C. § 1125(a). Zora also asserted a fifth cause of action against Cigniti only for negligent hiring/supervision/training.

On April 25, 2013, Sakhamuri filed an answer to Zora's amended complaint. Cigniti then submitted a motion to dismiss Zora's complaint as it related to Cigniti

pursuant to Rule 12(b)(6) for failure to state a claim on May 1, 2013.  On June 18, 2013, the court granted Cigniti's motion to dismiss with leave to amend.

On July 12, 2013, Zora filed a second amended complaint in which Zora asserted three causes of action against Defendants: violations of the Lanham Act, 115 U.S.C. § 1125(a); intentional interference with prospective economic advantage; and violations of Unfair Business Practices, Cal. Bus. & Prof. Code § 17200.  Zora also asserted two causes of action against Cigniti alone: breach of written contract and negligent supervision.  On August 2, 2013, Defendants filed motions to dismiss Zora's claims.  On September 9, 2013, the court granted Defendants' motions with leave to amend.

Zora filed a third amended complaint on October 15, 2013.  That same day, Zora and Cigniti filed a joint motion to dismiss Cigniti from this action with prejudice.  The court granted the parties' joint motion on October 23, 2013.  In the third amended complaint, Zora re-alleged these causes of action against Sakhamuri: violations of Lanham Act, 115 U.S.C. § 1125(a); intentional interference with prospective economic advantage; and violations of Unfair Business Practices, Cal. Bus. & Prof. Code § 17200.  Zora also alleged a breach of fiduciary duty cause of action based on allegations against Sakhamuri, alleging that he was Zora's agent more than a year after Sakhamuri ceased working on any of Zora's projects. On October 30, 2013, Sakhamuri filed a motion to dismiss the third amended complaint for failure to state a claim.  Zora did not file a response to Sakhamuri's motion to dismiss, instead filing a notice of voluntary dismissal of the case without prejudice pursuant to Rule 41(a)(1)(A)(i) on November 21, 2013.

On November 26, 2013, Sakhamuri filed an *ex parte* motion to vacate Zora's notice of voluntary dismissal.  Sakhamuri objected to the dismissal because Rule 41(a)(1)(A)(i) only permits a plaintiff to voluntarily dismiss its action without a court order before a defendant serves an answer in the case.  As previously noted, Sakhamuri filed an answer to Zora's initial complaint in state court and an answer to

1   Zora's amended complaint in this court.  On December 9, 2013, Zora filed a
2   response to Sakhamuri's *ex parte* motion, as well as a motion for voluntary
3   dismissal pursuant to Rule 41(a)(2).  Sakhamuri submitted a response to Zora's
4   motion on January 27, 2014, in addition to a reply brief pertaining to its own *ex*
5   *parte* motion on February 3, 2014.

6   ### *EX PARTE* MOTION TO VACATE VOLUNTARY DISMISSAL

7       In Sakhamuri's *ex parte* motion to vacate Zora's  notice of voluntary
8   dismissal pursuant to Rule 41(a)(1)(A)(i), Sakhamuri makes three primary
9   arguments.  First, Sakhamuri contends Zora's notice of voluntary dismissal is
10  improper based upon Sakhamuri having already served an answer this case.  See
11  Fed. R. Civ. P. 41(a)(1)(A)(i).  Second, Sakhamuri argues he is entitled to dismissal
12  of the action with prejudice in light of Zora having had three opportunities to amend
13  its complaint and Sakhamuri's pending motion to dismiss the third amended
14  complaint at the time Zora filed its notice of dismissal.  Noting that Zora opted not
15  to file a response to Sakhamuri's motion to dismiss the third amended complaint,
16  Sakhamuri contends he is nevertheless entitled to have the merits of the motion
17  ruled upon by the court because he incurred significant costs and fees in preparing
18  the motion.  Third, Sakhamuri argues he should be entitled to file a motion for
19  attorneys' fees and costs pursuant to applicable statutes, regardless of whether the
20  court rules upon Sakhamuri's motion to dismiss the third amended complaint or,
21  alternatively, orders dismissal of the case under Rule 41(a)(2).  In either of these
22  circumstances, Sakhamuri contends he is entitled to seek payment of reasonable
23  fees and costs.

24      In light of Sakhamuri's answer to the amended complaint and the lack of a
25  stipulation for dismissal between the parties, Zora concedes that its notice of
26  voluntary dismissal should be vacated.  For this reason, Zora now seeks a court
27  order dismissing the case pursuant to Rule 41(a)(2) in a concurrently filed motion to
28  dismiss.  Fed. R. Civ. P. 41(a)(2).  In its response, Zora agrees with Sakhamuri that

the case should be dismissed with prejudice and has requested dismissal with prejudice in its pending motion.  However, Zora argues Sakhamuri's argument regarding the attorneys' fees and costs is premature, particularly because Sakhamuri failed to provide any California authority explicitly authorizing the award of attorneys' fees in this instance.  For these reasons, Zora argues that Sakhamuri's *ex parte* application should be denied, and Zora's concurrently filed motion for voluntary dismissal under Rule 41(a)(2) should be granted.

In sum, the parties agree that Zora's notice of dismissal pursuant to Rule 41(a)(1)(A)(i) was inappropriate in light of Sakhamuri having filed an answer in this case.  Accordingly, the court grants Sakhamuri's request to vacate Zora's notice of dismissal.  Dkt. No. 38.

## PARTIES' MOTIONS TO DISMISS

Having vacated the Rule 41(a)(1)(A)(i) notice of dismissal, there are two motions before the court: Sakhamuri's motion to dismiss the complaint for failure to state a claim, Dkt. No. 35, and Zora's motion for voluntary dismissal pursuant to Rule 41(a)(2), Dkt. No. 41.  Both parties seek dismissal of the action with prejudice.

With regard to Sakhamuri's unopposed motion to dismiss for failure to state a claim, the Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule where the local rule permits, but does not require the granting of a motion for failure to respond.  See, generally, Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995)  (per curiam) (affirming dismissal for failure to timely file opposition papers).  Civil Local Rule 7.1.f.3.c expressly provides that "[i]f an opposing party fails to file the papers in the manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of that motion or other request for ruling by the court."

Prior to granting an unopposed motion for dismissal, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

1  (4) the public policy favoring disposition of cases on their merits; and (5) the

2  availability of less drastic sanctions." <u>Ghazali</u>, 46 F.3d at 53 (quoting <u>Henderson v.</u>

3  <u>Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized

4  that the first and fourth factors cut in opposite directions. <u>See</u> <u>Yourish v. California</u>

5  <u>Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of

6  dismissal); <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 401 (9th Cir. 1998)

7  (fourth factor counsels against dismissal).

8      In this instance, as in most, the first two factors weigh in favor of dismissal.

9  The third factor considering the risk of prejudice to the defendant also weighs in

10  favor of dismissal as both parties seek dismissal of this action with prejudice.

11  While public policy favors disposition of cases on their merits, the fourth factor is

12  less significant where, as here, both parties seek dismissal of the case. Similarly,

13  while less drastic sanctions might be available, the parties agree that their

14  preference is for dismissal of the case with prejudice, making this factor largely

15  irrelevant to the court's analysis here.

16      Based on these considerations, the court grants Sakhamuri's unopposed

17  motion to dismiss this action with prejudice and denies Zora's motion for voluntary

18  dismissal as moot. Ordinarily, "a dismissal of the action, whether on the merits or

19  not, generally means that defendant is the prevailing party." <u>See</u> 10 Fed. Prac. &

20  Proc. Civ. §2667, Award of Costs to the Prevailing Party; <u>see also</u> <u>Miles v. State of</u>

21  <u>Cal.</u>, 320 F.3d 986, (9th Cir. 2003)(noting there is a "prevailing party" when there

22  has been a "material alteration of the legal relationship of the parties")(quoting

23  <u>Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.</u>,

24  532 U.S. 598, 603 (2001)). <u>See also</u> <u>Zenith Ins. Co. v. Breslaw</u>, 108 F.3d 205, (9th

25  Cir. 1997) (finding voluntary dismissal with prejudice is sufficient to confer

26  prevailing party status on the defendant because "a dismissal with prejudice is

27  tantamount to a judgment on the merits") *abrogated on other grounds by* <u>Ass'n of</u>

28  <u>Mex.-Am. Educators v. State of Cal.</u>, 231 F.3d 572, 592 (9th Cir. 2000). As a

result, Sakhamuri is the prevailing party in this action, and the sole remaining issue between the parties is whether Sakhamuri is entitled to attorneys' fees and costs.

## ATTORNEYS' FEES

In both Sakhamuri's *ex parte* motion to vacate Zora's notice of voluntary dismissal and his opposition to Zora's motion for voluntary dismissal, Sakhamuri argues he is entitled to attorneys' fees.[1]  "In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 412 U.S. 240, 247 (1975). However, there are a number of exceptions to the so-called "American Rule" which Sakhamuri argues apply in this instance.  Id. at 258-59.

First, Sakhamuri argues he is entitled to attorneys' fees under the bad faith exception to the American Rule.  Among other reasons, courts may assess attorneys' fees when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  Id. (citations omitted).  Attorneys' fees awarded as sanctions may be warranted under this exception if the court specifically finds bad faith or conduct tantamount to bad faith.  Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). This may include various types of willful actions, such as recklessness when combined with an additional factor like frivolousness, harassment, or an improper purpose.  Id.

---

[1] Zora objects to Sakhamuri having included its request for attorneys' fees in its *ex parte* motion and its opposition to Zora's motion to dismiss rather than in a motion for attorneys' fees as described in Federal Rule of Civil Procedure 54(d)(2).  As noted by Sakhamuri in his opposition brief, the court's law clerk discussed the attorneys' fees issue with counsel for the parties in a teleconference held December 11, 2013.  See Def. Opp. at 7 (Dkt. No. 42).  In that discussion, the parties and the law clerk agreed that the issue of attorneys' fees would be raised by the parties in the briefing regarding Zora's motion to voluntarily dismiss pursuant to Rule 41(a)(2).  Based upon their arguments, the court would determine whether attorneys' fees were warranted under the circumstances.  In the event that the court found Sakhamuri entitled to attorneys' fees, the parties agreed Sakhamuri would then file a motion addressing the appropriate amount of the award with Zora having the opportunity to oppose the requested amount. In light of this agreement, as well as the court's denial of attorneys' fees herein, Zora's objection is overruled.

1       Sakhamuri offers several bases for finding bad faith sanctions warranted

2   based on Zora's conduct in this case.  Sakhamuri objects to Zora having brought

3   this action in state court when it was clearly subject to federal diversity jurisdiction.

4   Zora is a California corporation and Sakhamuri resides in Texas, which not only

5   was known to Zora at the time the lawsuit was filed, but was expressly alleged in

6   the complaint.  Compl. at ¶ 5.  As a result, Sakhamuri argues he was forced to incur

7   attorneys' fees and legal costs associated with removing this case to federal court.

8   He further contends Zora recklessly filed this case in state court and did so for an

9   improper purpose.

10       Sakhamuri also objects to Zora having filed a notice of voluntary dismissal

11   pursuant to Rule 41(a)(1)(A)(i), which Zora now concedes was improper.  As a

12   result, Sakhamuri incurred additional fees and costs to file his *ex parte* motion to

13   vacate the notice and to oppose Zora's motion to dismiss pursuant to Rule 41(a)(2)

14   because Zora attempted to mandate conditions on the dismissal to avoid an attorney

15   fee award.  Sakhamuri argues the original notice of dismissal and Zora's subsequent

16   motion for voluntary dismissal are both improper, suggesting both were brought in

17   bad faith to avoid an adverse decision on Sakhamuri's Rule 12(b)(6) motion to

18   dismiss and to avoid a motion for attorneys' fees.

19       Additionally, Sakhamuri contends he has incurred substantial fees and costs

20   associated with preparing two answers and two motions to dismiss pursuant to Rule

21   12(b)(6).  Sakhamuri contends Zora failed to correct defects in the complaint as

22   identified by the court, but instead simply removed and added different causes of

23   action in an attempt to find a successful cause of action.  Despite having amended

24   the complaint three times, Sakhamuri emphasizes Zora has yet to cure the defects,

25   prompting Sakhamuri to bring its unopposed motion to dismiss the third amended

26   complaint at significant expense.

27       Moreover, Sakhamuri argues Zora's complaint was at all times frivolous.

28   Sakhamuri contends Zora's allegations of unfair competition, intentional

1  interference, misappropriation of trade secrets, Lanham Act violations, and breaches

2  of duties owed have lacked legal and factual support.  In his opposition to Zora's

3  motion to voluntarily dismiss the third amended complaint, Sakhamuri details

4  Zora's repeated failures to state a claim upon which relief could be granted in its

5  amended complaints.  Sakhamuri further alleges Zora greatly exaggerated its

6  purported damages to meet the diversity requirements in federal court.  As such,

7  Sakhamuri contends Zora's lawsuit is, and was at all times, without merit and

8  brought in bad faith to harass and cause as much financial pain to Sakhamuri as

9  possible.  Therefore, Sakhamuri argues he is entitled to an award of

10  attorneys' fees pursuant to the court's inherent authority and the bad faith exception

11  to the American Rule.

12        Having considered Sakhamuri's contentions along with the court's previous

13  orders granting Defendants' motions to dismiss, the court finds sanctions are not

14  warranted under the circumstances.  As an initial matter, the court notes state courts

15  and federal courts share concurrent jurisdiction over diverse actions.  Jones v.

16  Sheehan, Young & Culp, P.C., 82 F.3d 1334, 1338 n. 3 (citing Colorado River

17  Conservation Dist. v. United States, 424 U.S. 800, 809 (1976)).  As a result,

18  plaintiffs are not required to file cases in federal court simply because diversity

19  exists; rather, federal law grants defendants the option to remove an action

20  originally filed in state court to federal court if the case could have been originally

21  filed in federal court.  See 28 U.S.C. § 1441(b).  Therefore, Zora's decision to file in

22  state court does not suggest bad faith or improper purpose as Zora had no obligation

23  to file its case in federal court, and it was Sakhamuri's decision to incur the costs

24  associated with removal.[2]  See 13 Fed. Prac. & Proc. Juris. § 3527, Exclusive

25  Federal Court Jurisdiction.

26

27        [2] Moreover, the court notes Sakhamuri indicated the amount in controversy
   requirement was satisfied in order to remove the case on diversity grounds, but now
28  suggests that Zora greatly exaggerated its purported damages to meet the diversity
   requirements in federal court.

Additionally, while Zora's claims were not ultimately successful, the court does not find they were sufficiently frivolous or recklessly filed to justify the imposition of sanctions in the form of attorneys' fees.  Notably, despite granting Cigniti, Inc.'s motion to dismiss the amended complaint and Sakhamuri's motion to dismiss the second amended complaint, the court afforded Zora the opportunity to further amend its complaint, suggesting the court found it possible that Zora could sufficiently articulate a claim against the Defendants.  Additionally, there is no indication in either of the court's orders granting Zora leave to amend that Zora's claims so obviously lacked merit or a reasonable basis in fact or law that the allegations appeared frivolous or filed for improper purpose.  Sakhamuri suggests Zora filed its voluntary notice of dismissal in bad faith; however, the court finds it preferable that a plaintiff seek to voluntarily dismiss its claims in the face of a convincing motion to dismiss rather than require a continuation of the briefing by both parties and a written disposition by the court that would likely reach the same result.  Under the circumstances, the court declines to award Sakhamuri attorneys' fees as a sanction under the bad faith exception.

Similarly, the court declines to award attorneys' fees to Sakhamuri pursuant to Federal Rule of Civil Procedure 11.  Rule 11 requires documents filed by a represented party to be signed by an attorney and authorizes the court to sanction an attorney for filing documents that are frivolous, legally unreasonable, or without factual foundation, even though the document was not filed in subjective bad faith.  See Fed. R. Civ. P. 11(a); Zaldivar v. City of Los Angeles, 780 F.2d 823, 829 (9th Cir. 1986).  Sakhamuri seeks Rule 11 sanctions based upon Zora's counsel having originally filed the complaint in state court despite the existence of diversity, having filed an improper Rule 41(a)(1)(A)(i) notice of dismissal despite Sakhamuri having filed an answer to the complaint, and having signed each of the four complaints that Sakhamuri contends contained meritless claims and were frivolously filed.  As noted above with regard to the bad faith exception, the court disagrees with

1  Sakhamuri's characterization of the actions taken by Zora and its counsel.  Under

2  the circumstances, the court finds Rule 11 sanctions are unwarranted.

3       Sakhamuri also asserts three statutory bases for awarding attorneys' fees: 28

4  U.S.C. § 1927; 15 U.S.C. § 1117(a); and Cal. Civ. Code § 3426.4.  Under 28 U.S.C.

5  § 1927, an attorney who unreasonably and vexatiously "multiplies the proceedings"

6  may be required to pay the excess fees and costs caused by his conduct without

7  requiring a finding of bad faith by the court; recklessness suffices for section 1927

8  sanctions.  See Lahiri v. Universal Music and Video Distribution Corp., 606 F.3d

9  1216, 1218-19 (9th Cir. 2010).  Pursuant to 15 U.S.C. § 1117(a), the Lanham Act

10  permits an award of attorneys' fees to the prevailing party in "exceptional cases"

11  when the trademark infringement is willful, deliberate, knowing or malicious.  See

12  Lahoti v. Vericheck, Inc., 636 F.3d 501, 510 (9th Cir. 2011).   Alternatively, when

13  "'a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith, it

14  is exceptional, and the district court may award attorney's fees to the defendant.'"

15  Stephen W. Boney, Inc. v. Boney Servs., 127 F.3d 821, 827 (9th Cir. 1997)(quoting

16  Scott Fetzer Co. v. Williamson, 101 F.3d 549, 555 (8th Cir. 1996)).  Under section

17  3426.4 of the California Uniform Trade Secret Act ("CUTSA"), courts may award

18  reasonable attorneys' fees to the prevailing party if a claim of misappropriation is

19  made in bad faith.  Because CUTSA does not provide a definition of "bad faith" to

20  be used in the context of trade secret misappropriation, California courts have

21  developed a two-pronged standard for the evaluation of such claims.  See SASCO v.

22  Rosendin Elec., Inc., 207 Cal. App. 4th 837, 834 (2012).[3]  The party seeking an

23  award of attorneys' fees under section 3426.4 must show: (1) the objective

24  speciousness of opposing party's claim, and (2) the subjective bad faith of the

25  opposing party in bringing or maintaining the action, that is, for an improper

---

[3] See also Smith v. Selma Cmty. Hosp., 188 Cal. App. 4th 1, 34 (Cal. Ct. App. 2010); Gemini Aluminum Corp. v. CA Custom Shapes, Inc., 95 Cal. App. 4th 1249, 1261 (Cal. Ct. App. 2002).

1  purpose.  Gemini Aluminum Corp. v. CA Custom Shapes, Inc., 95 Cal. App. 4th

2  1249, 1261 (Cal. Ct. App. 2002).

3          In essence, each of the three statutory provisions relied upon by Sakhamuri

4  permit a court, in its discretion, to grant attorneys' fees in situations involving bad

5  faith, frivolous claims, unreasonableness, recklessness, or gross negligence.

6  However, for the same reasons set forth above with regard to the bad faith exception

7  and Rule 11, the court does not find the circumstances here justify the award of

8  attorneys' fees.  Sakhamuri describes in great detail all of the failings it finds in

9  Zora's claims; however, the court does not find that any of these examples,

10 individually or taken together, suggest bad faith or frivolousness such that it would

11 make an award of attorneys' fees under these provisions.

12                                    **COSTS**

13         Sakhamuri also contends he is entitled to costs as the prevailing party in this

14 action.  Under Federal Rule of Civil Procedure 54(d)(1), costs should be allowed to

15 the prevailing party unless a federal statute, a court order, or the Federal Rules of

16 Civil Procedure provide otherwise.  "Rule 54(d)(1) codifies a venerable

17 presumption that prevailing parties are entitled to costs."  Marx v. General Revenue

18 Corp., 133 S. Ct. 1166, 1172 (2013)(footnote omitted). "Notwithstanding this

19 presumption, the word "should" makes clear that the decision whether to award

20 costs ultimately lies within the sound discretion of the district court."  Id. (citing

21 Taniguchi v. Kan Pacific Saipan, Ltd., 132 S. Ct. 1997, 2001 (2012)).  Here, the

22 court finds no reason that Sakhamuri should not be entitled to costs under Rule

23 54(d)(1) as the prevailing party following the dismissal of Zora's claims with

24 prejudice.  Accordingly, the court award costs to Sakhamuri in an amount to be

25 taxed by the Clerk of Court.  See Fed. R. Civ. P. 54(d)(1).

26                                **CONCLUSION**

27         For the foregoing reasons, the court orders as follows:

28         (1) Defendant Sakhamuri's *ex parte* motion to vacate Plaintiff Zora's notice

of voluntary dismissal, Dkt. No. 38, is GRANTED;

    (2) Plaintiff Zora's notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), Dkt. No. 37, is VACATED;

    (3) Defendant Sakhamuri's unopposed motion to dismiss the third amended complaint, Dkt. No. 35, is GRANTED WITH PREJUDICE;

    (4) Plaintiff Zora's motion for voluntary dismissal pursuant to Rule 41(a)(2), Dkt. No. 41, is DENIED AS MOOT;

    (5) Defendant Sakhamuri's request for attorneys' fees is DENIED; and

    (6) Defendant Sakhamuri's request for costs is GRANTED in an amount to be taxed by the Clerk of Court.

    IT IS SO ORDERED.

DATED:  March 27, 2014

_____
Hon. Jeffrey T. Miller
United States District Judge